# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES D. GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 08-CV-171-WDS |
| ) | |
| CAIRO SCHOOL DISTRICT NUMBER ) | |
| ONE., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's pro se motion for leave to proceed in forma pauperis (Doc. 2), motion to appoint counsel (Doc. 3) motion for service of process at government expense (Doc. 4) and a second motion for leave to proceed in forma pauperis (Doc. 5).

The plaintiff has sued the Cairo School District No. One alleging employment discrimination. Plaintiff seeks to be placed in a teaching position within the district.

Before ruling on the pending motions, the Court must first determine whether it has subject matter jurisdiction over this cause of action. It is well settled that subject matter jurisdiction does not exist, even for a claim arising under federal law, when the allegations in the complaint are so frivolous as to be insubstantial. *Turner/Ozanne v. Hyman/Power,* 111 F.3d 1312, 1316-17 (7th Cir.1997); *LaSalle Nat'l Trust, N.A. v. ECM Motor Co.,* 76 F.3d 140, 143 (7th Cir.1996). A complaint is frivolous if "the facts alleged rise to the level of the irrational or wholly incredible." *Alston v. DeBruyn,* 13 F.3d 1036, 1039 (7th Cir.1994)(quoting *Denton v. Hernandez,* 504 U.S. 25, 33 (1992)).

Here the plaintiff has alleged that he was employed by the Cairo School District Number

One as a Crisis Classroom Teacher in May of 2005, that he questioned his benefits and salary for the 2005-2006 school year in August of 2005. Two months later, a grievance was filed by the Cairo Association of Teachers on behalf of the plaintiff. On December 12, 2005, the plaintiff was directed to stop teaching, grading assignments, making lesson plans and issuing grades. Plaintiff alleges that he was given a job and pay demotion, and in February of 2006 he was required to fill out a non-certified time sheet, and shortly thereafter, given a letter of reprimand for absences and reporting to work late. In March of 2006, he was given a letter of reprimand for "tapping [sic] recording a meeting" and further alleges that he was, thereafter, subject to negative evaluations, reprimands, warnings and accusations. He alleges that the District Executive Dean, Tony Maltibia and Superintendent Gary Whitledge were hostile toward him and toward union president Ron Newell. Plaintiff alleges that Newell was "subjective [sic] with harsh words and subject of profanity toward him and the Plaintiff." Plaintiff alleges that the District threatened him with termination as a result of his filing the grievance, and in March of 2006, he was given a reduction in force notice and was dismissed honorably. Plaintiff alleges that as part of the reduction in force he had recall rights for the next twelve months.

Despite this, plaintiff alleges that in June of 2006, the district hired another teacher into the position, or a position similar, plaintiff had previously held. He requested to be considered for the position, but was not given an interview for that position. Plaintiff filed an unfair labor practice claim with the Illinois Education Labor Relations Board in December of 2006, and received a notice to sue letter from the EEOC in December of 2007.

The Seventh Circuit stated in *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 728 (7th Cir. 2004):

> Ordinarily, to establish a prima facie case of discriminatory discipline based on indirect evidence [plaintiff] must demonstrate that (1) he is a member of a protected class; (2) he was performing his job satisfactorily; (3) he suffered adverse employment action; and (4) the employer treated similarly situated employees outside of the protected class more favorably. *See Ajayi v. Aramark Bus. Servs., Inc.,* 336 F.3d 520, 532 (7th Cir. 2003); *Peters v. Renaissance Hotel Operating Co.,* 307 F.3d 535, 546 (7th Cir.2002). To the extent that the plaintiff claims that he was subject to disparate punishment . . .the plaintiff must establish that he received dissimilar-and more harsh-punishment than that received by a similarly situated employee who was outside the protected class. [*See Grayson v. O'Neill,* 308 F.3d 808, 817 (7th Cir.2002); *Flores v. Preferred Technical Group,* 182 F.3d 512, 515 (7th Cir.1999).]

Here, for purposes of threshold review, the Court **FINDS** that plaintiff has sufficiently alleged actions which can establish a claim for retaliation and discriminatory discipline. Upon review of the record, the Court **FINDS** plaintiff's motions for leave to proceed in forma pauperis to be persuasive and **GRANTS** the motions (Docs. 2, 5) and he may proceed without prepayment of costs. The Court **FURTHER GRANTS** the motion for service of process at government expense (Doc. 4). The plaintiff shall prepare the subpoenas and the United States Marshals Service shall serve the named defendants.

Finally, plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**. The Seventh Circuit, in *Johnson v. Doughty,* 433 F.3d 1001, 1006-07 (7th Cir.2006) held that a court does not abuse its discretion if it reasonably concludes that, given the nature of the case, the plaintiff appeared competent to try the case himself. The Court noted:

> [T]o guide the discretion of district courts in deciding motions to appoint counsel to indigent civil litigants, we have set forth five nonexclusive factors: (1) the merits of the indigent litigant's claim (whether the claim is colorable); (2) the nature of the factual issues raised in the claim and whether the plaintiff is in a position to investigate crucial facts; (3) the presence of conflicting testimony and the

>need for cross-examination; (4) the factual and legal complexity of the
>issues; and (5) the capability of the indigent litigant to present the
>case. *Maclin v. Freake,* 650 F.2d 885, 887-89 (7th Cir. 1981).

*Johnson*, 433 F.3d at 1020. Here, plaintiff has drafted a competent complaint, and appears able to handle his own claim. There is nothing in the record to indicate that he would be unable to investigate this case and, potentially, proceed on the merits of the case *pro se*. This case does not appear to be so unusually complex to warrant appointment of counsel at this time.

**IT IS SO ORDERED.**

**DATED: November 17, 2008.**

                                      **s/ WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**